1   David M. Birka-White (State Bar No. 85721)
    dbw@birka-white.com
2   BIRKA-WHITE LAW OFFICES
3   178 E. Prospect Avenue
    Danville, CA 94526
4   Telephone: (925) 362-9999
    Facsimile:  (925) 362-9970
5
6   [Additional Counsel Listed on Signature Pages]
7   Attorneys for Individual and Representative Plaintiffs
    BOXED FOODS COMPANY, LLC and
8   GOURMET PROVISIONS, LLC, on behalf
    of themselves and all others similarly situated
9
10
11                  **UNITED STATES DISTRICT COURT**
12                **NORTHERN DISTRICT OF CALIFORNIA**
13
14
15   BOXED FOODS COMPANY, LLC and          | Case No.  3:20-cv-4571
     GOURMET PROVISIONS, LLC, on
16   behalf of themselves and all others
     similarly situated,
17
18            Plaintiffs,                   **CLASS ACTION COMPLAINT**
19        v.                                **JURY TRIAL DEMANDED**
20   CALIFORNIA CAPITAL INSURANCE
     COMPANY and CAPITAL INSURANCE
21   GROUP,
22            Defendants.
23

24       Plaintiffs Boxed Foods Company, LLC and Gourmet Provisions, LLC (collectively

25   "Plaintiffs") bring this Complaint on behalf of themselves and all others similarly situated (the

26   "Class"), alleging relief against California Capital Insurance Company ("California Capital") and

27   Capital Insurance Group ("Capital Insurance") (collectively "Defendants") and avers as follows:

28

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 1 -                                    Case No. 3:20-cv-4571
CLASS ACTION COMPLAINT

## NATURE OF THE CASE

1. This is a class action seeking declaratory relief arising from Plaintiffs and Class members' contracts of insurance with Defendants.

2. In light of the global coronavirus disease 2019 ("COVID-19") pandemic and state and local government orders ("Civil Authority Orders") mandating that all non-essential in-store businesses must shut down nationwide, restaurants, including but not limited to Plaintiffs' businesses, have suffered significant business losses. Because of the shutdown, Plaintiffs and Class members shut their doors for customers on March 11, 2020.

3. Plaintiffs and Class members' insurance policies provide coverage for all non-excluded business losses, and thus provide coverage here.

4. As a result, Plaintiffs and Class members are entitled to declaratory relief that their businesses are covered for all business losses that have been incurred in an amount greater than $5,000,000.

## JURISDICTION

5. This Court has subject-matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) because: (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (2) the action is a class action; (3) there are members of the Class who are diverse from Defendants; and (4) there are more than 100 Class members.

6. This Court has personal jurisdiction over Defendants. At all relevant times Defendants have engaged in substantial business activities in the State of California. At all relevant times Defendants transacted, solicited, and conducted business in California through their employees, agents, and/or sales representatives, and derived substantial revenue from such business in California. Defendants purposefully availed themselves of personal jurisdiction in California because they contracted to provide insurance to Plaintiffs and Class members in California which is the subject of this case. Defendants' principal places of business and headquarters are located in California.

/ / /

/ / /

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 2 -

Case No. 3:20-cv-4571

CLASS ACTION COMPLAINT

7.      Venue is proper in this district pursuant to 28 U.S.C. § 139128 U.S.C. § 1391(b)(1) and (2) because Plaintiffs and Defendants are domiciled in California and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**PARTIES**

8.      Plaintiffs are California limited liability companies with their principal places of business in California. At all relevant times, Plaintiffs have been authorized to do business in the State of California. Plaintiffs operate, manage, and/or control two restaurants, B Restaurant and Bar and The Pin Up All-Star Diner, which are located at 720 Howard Street, San Francisco, CA 94103 and 750 Folsom Street, San Francisco, CA 94107, respectively ("Insured Properties"). Plaintiffs are owned by Kevin Best, Misty Rasche, and Don Harbison who are citizens of California.

9.      Defendant Capital Insurance, an insurance carrier headquartered at 2300 Garden Road, Monterey, California 93940, provides business interruption insurance to Plaintiffs and Class members. Capital Insurance is a citizen of California.

10.     Defendant California Capital, an insurance carrier headquartered at 2300 Garden Road, Monterey, California 93940, provides business interruption insurance to Plaintiffs and Class members. California Capital is a citizen of California. California Capital is wholly owned by Capital Insurance.

11.     At all relevant times, Defendants issued an insurance policy to Plaintiffs (policy number is 3-CMA-1-044367) that included coverage for business interruption losses, incurred by Plaintiffs from August 31, 2019 until August 31, 2020. *See* Policy, attached hereto as Exhibit 1.

12.     The policy, currently in full effect, includes coverage for, among other things, business personal property, business income, and extended special business income.

13.     Plaintiffs submitted a claim for a date of loss on March 7, 2020 and were denied by letter dated March 30, 2020. Defendants assert that its insurance policies do not provide coverage for business interruption closures unless there is physical damage to the property. Defendants also assert that closure for Civil Authority requires physical damages to the property. Finally, Defendants assert that all losses are excluded when as a result of a virus. On information and belief, Defendants sent this letter to all Class members. *See* Exhibit 2.

Bitka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

Case No. 3:20-cv-4571

CLASS ACTION COMPLAINT

# FACTUAL BACKGROUND

## I.   INSURANCE COVERAGE

14.    Plaintiffs and Class members faithfully paid policy premiums to Defendants, specifically to provide, among other things, additional coverages in the event of business interruption or closures by order of Civil Authority and for business loss for property damage.

15.    The terms of the Policy explicitly provide the insured with insurance coverage for actual loss of business income sustained, along with any actual, necessary and reasonable extra expenses incurred, when access to the Insured's properties is specifically prohibited by Civil Authority Orders.  This additional coverage is identified as coverage under "Civil Authority."

16.    The Policy is an all-risk policy, insofar as it provides that covered causes of loss under the policy provides coverage for all covered losses, including but not limited to direct physical loss and/or direct physical damage, unless a loss is specifically excluded or limited in the Policy.

17.    The Policy also provides coverage for damages resulting from business interruption when there is property damage.

18.    Based upon information and belief, the Policy provided by Defendants included language that is essentially standardized language adopted from and/or developed by ISO ("Insurance Service Office"). The ISO, founded in 1971, provides a broad range of services to the property and casualty insurance industry. In addition to form policies, ISO collects and manages databases containing large amounts of statistical, actuarial, underwriting, and claims information, fraud-identification tools, and other technical services. ISO describes itself as follows: "ISO provides advisory services and information to many insurance companies. . . ISO develops and publishes policy language that many insurance companies use as the basis for their products." ISO General Questions, Verisk, https://www.verisk.com/insurance/about/faq/ (last visited June 5, 2020); *see also* Insurance Services Office (ISO), Verisk, https://www.verisk.com/insurance/brands/iso/ (las visited June 5, 2020).

19.    The language in the Policy is language that is "adhesionary" in that Plaintiffs were not participants in negotiating or drafting its content and provisions.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

Case No. 3:20-cv-4571

CLASS ACTION COMPLAINT

20.     Plaintiffs were not participants in negotiating or drafting the Policy's content and provisions. Plaintiffs possessed no leverage or bargaining power to alter or negotiate the terms of the Policy, and more particularly, Plaintiffs had no ability to alter, change or modify standardized language derived from the ISO format.

21.     Upon information and belief, the Virus Exclusion in the Policy was never intended by the ISO nor Defendants to pertain to a situation like the present global Pandemic of the Coronavirus and therefore does not exclude coverage in this matter.

22.     Upon information and belief, the Virus Exclusion in the Policy was developed by the ISO in response to the SARS situation that occurred in or around 2005-2006, which was not a Pandemic and not a global Pandemic as is the present COVID-19 Pandemic situation, and therefore was never intended to exclude coverage for a circumstance as presented in this matter.

23.     Further, the Virus Exclusion was first permitted by state insurance departments due to misleading and fraudulent statements by the ISO that property insurance policies do not and were not intended to cover losses caused by viruses, and so the Virus Exclusion offers mere clarification of existing law. To the contrary, before the ISO made such baseless assertions, courts considered contamination by a virus to be physical damage. Defendants' use of the Virus Exclusion to deny coverage here shows that the Virus Exclusion was fraudulently adopted, adhesionary, and unconscionable. *See* https://www.propertycasulty360.com/2020/04/07/here-we-go-again-virus-exclusion-for-covid-19-and-insurers/ (last visited June 12, 2020).

24.     The Virus Exclusion applies only to "loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease."

25.     Plaintiffs purchased the Policy with an expectation that they were purchasing a policy that would provide coverage in the event of business interruption and extended expenses, such as that suffered by Plaintiffs as a result of COVID-19.

26.     At no time had Defendants, or their agents, notified Plaintiffs that the coverage that Plaintiffs had purchased pursuant to an all-risk policy that included business interruption coverage,

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 5 -

CLASS ACTION COMPLAINT

Case No. 3:20-cv-4571

had exclusions and provisions that purportedly undermined the very purpose of the coverage, of providing benefits in the occurrence of business interruption and incurring extended expenses.

27.     The purported exclusions of the Policy that Defendants have or is expected to raise in defense of Plaintiffs' claim under the Civil Authority coverage of the Policy are contradictory to the provision of Civil Authority Order coverage and violates public policy of the State of California as a contract of adhesion and hence not enforceable against Plaintiffs.

28.     Access to Plaintiffs' businesses was prohibited by Civil Authority Orders and the Policy provides for coverage for actual loss of business sustained and actual expenses incurred as a covered loss caused by the prohibitions of the Civil Authority Orders in the area of Plaintiffs' Insured Properties.

29.     The reasonable expectations of Plaintiffs were that the business interruption coverage included coverage when a civil authority forced closure of the business for an issue of public safety in the immediate area surrounding the Insured Properties.

30.     The Policy does not exclude the losses suffered by Plaintiffs and therefore, the Policy does provide coverage for the losses incurred by Plaintiffs.

31.     Plaintiffs suffered direct physical loss or damage within the definitions of the Policy as loss of use of property, as here, constitutes loss or damage.

32.     The virus and bacterium exclusions do not apply because Plaintiffs' losses were not solely caused by a virus, bacterium or other microorganism. Instead, Plaintiffs' losses were caused by the entry of Civil Authority Order, particularly those by Governor Newsom and by the California Department of Health, to mitigate the spread of COVID-19.  The Civil Authority Order was issued because the damage to individuals and property caused by COVID-19.

33.     The Civil Authority Order prohibited access to Plaintiff and the other Class members' Covered Property, and the area immediately surrounding Covered Property, in response to dangerous physical conditions described above resulting from COVID-19.

34.     As a result of the presence of COVID-19 and the Civil Authority Order, Plaintiff and the other Class members lost Business Income and incurred Extra Expense.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

CLASS ACTION COMPLAINT

Case No. 3:20-cv-4571

35.     Nonetheless, based on information and belief, Defendants have accepted policy premiums paid by Plaintiffs and the Class with no intention of providing coverage for business income losses resulting from orders of a Civil Authority that the insured businesses be shutdown, or any related property damage.

## II.     THE COVID-19 PANDEMIC

36.     The scientific community, and those personally affected by the virus, recognize COVID-19 as a cause of real physical loss and damage. It is clear that contamination of the Insured Properties would be a direct physical loss requiring remediation to clean the surfaces of the restaurants.

37.     On information and belief, the virus that causes COVID-19 remains stable and transmittable: in airborne aerosols for up to three hours; on copper for up to four hours; on cardboard for up to 24 hours; and on plastic and stainless steel for up to two to three days. *See* https://www.nih.gov/news-events/news-releases/new-coronavirus-stable-hours-surfaces (last visited April 9, 2020).

38.     The CDC has issued a guidance recommending that gatherings of more than 10 people must not occur. People in congregate environments, which are places where people live, eat, and sleep in close proximity, face increased danger of contracting COVID-19.

39.     On March 11, 2020 the World Health Organization ("WHO") made the assessment that COVID-19 shall be characterized as a pandemic. *See* https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020.

40.     The global Coronavirus pandemic is exacerbated by the fact that the deadly virus physically infects and stays on surfaces of objects or materials, "fomites," for up to twenty-eight (28) days.

41.     A particular challenge with the novel coronavirus is that it is possible for a person to be infected with COVID-19 but be asymptomatic. Thus, seemingly healthy people unknowingly spread the virus via speaking, breathing, and touching objects.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 7 -

CLASS ACTION COMPLAINT

Case No. 3:20-cv-4571

42.     While infected droplets and particles carrying COVID-19 may not be visible to the naked eye, they are physical objects which travel to other objects and cause harm. Habitable surfaces on which COVID-19 has been shown to survive include, but are not limited to, stainless steel, plastic, wood, paper, glass, ceramic, cardboard, and cloth.

43.     China, Italy, France, and Spain have implemented procedures requiring the cleaning and disinfection of public areas prior to allowing them to re-open publicly due to COVID-19 contamination.

44.     A French Court has determined that business interruption coverage applies to this COVID-19 Pandemic. *See* https://www.insurancejournal.com/news/international/2020/05/22/569710.htm.

45.     The determination by a Court of another country that coverage exists is consistent with public policy that in the presence of a worldwide Pandemic, such as COVID-19, businesses that possess business interruption insurance coverage should recover their losses from the insurance carriers.

## III.    CIVIL AUTHORITY

### A.    California

46.     On March 4, 2020 California Governor Gavin Newsom declared a State of Emergency for the entire state of California as a result of COVID-19.

47.     On March 11, 2020, Governor Newsom set restrictions on large gatherings.

48.     On March 19, 2020, the State of California issued a stay-at-home order that all non-essential workers must stay at home as a result of the COVID-19 pandemic.

49.     Plaintiffs' restaurants were unable to operate as a direct consequence of the Civil Authority stay-at-home orders for public safety issued by the Governor of California and the State of California generally.  Accordingly, Plaintiffs submitted a claim to their insurance carrier related to such losses.

/ / /

/ / /

/ / /

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 8 -

Case No. 3:20-cv-4571

CLASS ACTION COMPLAINT

**B. Other States**

50. The shut-down Civil Authority Orders issued by California authorities covering California non-essential businesses are similar to Civil Authority Orders that have been issued nationwide by state and local civil authorities. *See* https://www.wsj.com/articles/a-state-by-state-guide-to-coronavirus-lockdowns-11584749351.

*1. Alabama*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** 10-person limit.

- **Businesses:** Nonessential businesses are closed to the public, including entertainment venues, fitness centers, salons, nail parlors and certain retailers.

- **Quarantines:** No statewide directive.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Beaches closed.

*2. Alaska*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** 10-person limit.

- **Businesses:** Nonessential businesses are limited to minimum operations or remote work.

- **Quarantines:** Travelers from out of state must self-quarantine for 14 days.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Unless locally restricted, open with social distancing.

*3. Arizona*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** All mass gatherings of 10 or more people must be canceled or postponed.

- **Businesses:** Nonessential businesses are limited to minimum operations or remote work.

- **Quarantines:** No statewide directive.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Unless locally restricted, open with social distancing.

4. *Arkansas*

- **Travel outside home:** The governor has not issued a stay-at-home order.

- **Gatherings:** 10-person limit; does not apply to unenclosed outdoor spaces or places of worship.

- **Businesses:** Gym and entertainment venues are closed. Hotels, motels and vacation rentals are restricted to authorized guests.

- **Quarantines:** No statewide directive.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** State parks remain operational during the daytime.

5. *California*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** Gatherings in a single room or place are prohibited. Visitation to hospitals, nursing homes and other residential care facilities is restricted.

- **Businesses:** Nonessential businesses are closed.

- **Quarantines:** No statewide directive.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Some parks are fully closed. Local jurisdictions have closed some beaches.

6. *Colorado*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** Public and private gatherings of any number are prohibited with limited exceptions.

- **Businesses:** Nonessential businesses are limited to minimum operations or remote work.

- **Quarantines:** No statewide directive.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 10 -

Case No. 3:20-cv-4571

CLASS ACTION COMPLAINT

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** State parks remain open, but playgrounds, picnic areas and campgrounds are closed.

7. *Connecticut*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** Five-person limit for social and recreational gatherings; 50-person limit for religious services.

- **Businesses:** Nonessential businesses must suspend all in-person operations.

- **Quarantines:** No statewide directive. Out-of-state visitors are strongly urged to self-quarantine.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Trails and grounds of state parks and forests are open with social distancing.

8. *Delaware*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** 10-person limit.

- **Businesses:** Nonessential businesses are limited to minimum operations or remote work.

- **Quarantines:** Visitors from out of state who are not just passing through must self-quarantine for 14 days.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Beaches are closed except for exercise or dog walking. State parks remain open with restricted activity.

9. *Florida*

- **Travel outside home:** Senior citizens and those with significant medical conditions may not leave home unless for essential needs or to go to an essential job.

- **Gatherings:** No social gatherings in a public space with religious exemptions.

- **Businesses:** Nonessential services are closed to the public. Gun stores remain open.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

CLASS ACTION COMPLAINT

Case No. 3:20-cv-4571

- **Quarantines:** Visitors from outbreak hot spots, such as the New York tri-state area, must self-quarantine for 14 days.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Florida state parks are closed. Most beaches are closed.

### 10. Georgia

- **Travel outside home:** Mandated social distancing and recommended mask-wearing outside. Older and at-risk residents can leave only for essential needs/work with limited visitors.

- **Gatherings:** 10-person limit, not applying to incidental or transitory groups of people going by each other.

- **Businesses:** Nonessential businesses and other entities may not permit gatherings at their premises.

- **Quarantines:** No statewide directive.

- **Bars/restaurants:** Dine-in allowed with capacity limits, sanitation requirements and dozens of other precautionary measures.

- **Beaches/parks:** Open, with social distancing.

### 11. Hawaii

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** 10-person limit.

- **Businesses:** Nonessential businesses are limited to minimum operations or remote work. Essential services must implement separate operating hours for high-risk populations.

- **Quarantines:** Travelers from out of state must self-quarantine for 14 days.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Most state parks and public beaches are closed. All camping and lodging at parks is suspended.

### 12. Idaho

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** Nonessential gatherings are prohibited. Visits to hospitals, nursing homes and residential-care facilities are restricted.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 12 -

CLASS ACTION COMPLAINT

Case No. 3:20-cv-4571

- **Businesses:** Nonessential businesses are limited to minimum operations or remote work. Drive-in theaters and churches are permitted.

- **Quarantines:** Persons entering the state of Idaho are required to self-quarantine for 14 days.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** No camping in state parks.

*13. Illinois*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** 10-person limit.

- **Businesses:** Nonessential businesses are limited to minimum operations or remote work.

- **Quarantines:** No statewide directive.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** State parks, fish and wildlife areas, recreational areas and historic sites are closed.

*14. Indiana*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** 10-person limit.

- **Businesses:** Nonessential businesses are limited to minimum operations or remote work.

- **Quarantines:** No statewide directive.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Hiking, biking, fishing, boating, birding, hunting and camping are allowed with social distancing.

*15. Iowa*

- **Travel outside home:** The governor has not issued a stay-at-home order.

- **Gatherings:** Limited to 10 people.

- **Businesses:** Nonessential retail businesses are closed.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

CLASS ACTION COMPLAINT

Case No. 3:20-cv-4571

- **Quarantines:** No statewide directive.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Parks remain open. Campgrounds are closed.

*16. Kansas*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** 10-person limit, exempting funerals and religious services with social distancing.

- **Businesses:** Residents may not leave home to patronize nonessential businesses, such as hair salons.

- **Quarantines:** Kansas residents who traveled to California, Florida, New York or Washington state after March 14—or visited Illinois or New Jersey after March 22—must self-quarantine for 14 days. The same applies to anybody who had close contact with a Covid-19 patient.

- **Bars/restaurants:** Dine-out or curbside service only.

- **Beaches/parks:** Most parks are open.

*17. Kentucky*

- **Travel outside home:** Travel outside the state is restricted to essential needs/work.

- **Gatherings:** Mass gatherings prohibited; smaller gatherings are allowed with social distancing.

- **Businesses:** Nonessential retail must close.

- **Quarantines:** Anybody coming in from out of state—including residents— must self-quarantine for 14 days upon return.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** State parks closed for overnight stays.

*18. Louisiana*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** 10-person limit.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 14 -

CLASS ACTION COMPLAINT

Case No. 3:20-cv-4571

- **Businesses:** Nonessential businesses are limited to minimum operations or remote work.

- **Quarantines:** No statewide directive.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Some state parks are open for fishing, hiking and biking during the day.

*19. Maine*

- **Travel outside home:** Only for essential needs/work. No use of public transportation unless absolutely necessary. .

- **Gatherings:** 10-person limit.

- **Businesses:** Nonessential businesses are limited to minimum operations or remote work.

- **Quarantines:** Travelers arriving in Maine, regardless of their state of residency, must self-quarantine for 14 days.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Numerous parks and beaches closed.

*20. Maryland*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** 10-person limit.

- **Businesses:** Nonessential businesses are limited to minimum operations or remote work. Senior-citizen activities centers are closed.

- **Quarantines:** People traveling into Maryland from anywhere outside Maryland are required to self-quarantine for 14 days with limited exceptions. (Guidance)

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** State park beaches are closed. Some parks remain open.

*21. Massachusetts*

- **Travel outside home:** People and especially older adults are strongly advised to stay home as much as possible. (Advisory)

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

CLASS ACTION COMPLAINT

Case No. 3:20-cv-4571

- **Gatherings:** 10-person limit. Applies to confined spaces, not parks and other outdoor spaces.

- **Businesses:** Nonessential businesses must close their physical workplaces and facilities to workers and customers. Groceries must reserve an hour in the morning for older customers.

- **Quarantines:** Arriving travelers from out of state are instructed to self-quarantine for 14 days.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** No congregating on coastal beaches. State parks are open and campgrounds closed.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** State parks are open, but campgrounds, overnight lodging facilities and shelters are closed.

22. *Minnesota*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** No statewide directive.

- **Businesses:** Entertainment and performance venues are closed.

- **Quarantines:** No statewide directive.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Wildlife management areas, state forests and state parks remain open. Campgrounds are closed.

23. *Mississippi*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** 10-person limit.

- **Businesses:** Nonessential businesses are limited to minimum operations or remote work.

- **Quarantines:** No statewide directive.

- **Bars/restaurants:** Dine-out only.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

CLASS ACTION COMPLAINT

Case No. 3:20-cv-4571

- **Beaches/parks:** State parks are open for fishing. Beaches can re-open with social distancing.

### 24. Missouri

- **Travel outside home:**

- **Gatherings:** 10-person limit.

- **Businesses:** Nonessential businesses must enforce social distancing. Essential retailers must limit occupancy.

- **Quarantines:** No statewide directive.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** State parks and trails are open during the day.

### 25. Montana

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** Nonessential social and recreational gatherings are prohibited, if social distancing ca not be maintained.

- **Businesses:** Nonessential businesses are limited to minimum operations or remote work.

- **Quarantines:** Nonwork travelers from out of state must self-quarantine for 14 days.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Open with social distancing.

### 26. Nebraska

- **Travel outside home:** The governor has not issued a stay-at-home order.

- **Gatherings:** 10-person limit.

- **Businesses:** No statewide directive.

- **Quarantines:** No statewide travel quarantine. Mandatory quarantines required for Covid-19 patients and households.

- **Bars/restaurants:** Dine-out only.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 17 -

CLASS ACTION COMPLAINT

Case No. 3:20-cv-4571

- **Beaches/parks:** No overnight camping at state parks, state recreation areas and wildlife management areas.

*27. Nevada*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** People may not congregate in groups of 10 or more.

- **Businesses:** Recreational, entertainment and personal-care businesses are closed, including casinos.

- **Quarantines:** No statewide directive.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** State parks in the greater Las Vegas area, including Valley of Fire and Rye Patch are closed. Other state parks remain open for day-use only.

*28. New Hampshire*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** Nine-person limit.

- **Businesses:** Nonessential businesses are limited to minimum operations or remote work.

- **Quarantines:** No statewide directive.

- **Bars/restaurants:** Dine-out only

- **Beaches/parks:** Most park sites are open.

*29. New Jersey*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** 10-person limit.

- **Businesses:** Nonessential retail businesses must close bricks-and-mortar premises. Recreational and entertainment businesses are closed to the public.

- **Quarantines:** No statewide directive.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Some local beach closures. All state parks and forests are closed to the public.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

CLASS ACTION COMPLAINT

Case No. 3:20-cv-4571

*30. New Mexico*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** Five-person limit in a single room or connected space outside residence.

- **Businesses:** Nonessential businesses must suspend all in-person operations.

- **Quarantines:** Arriving air travelers must self-quarantine for two weeks.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** State parks are closed.

*31. New York*

- **Travel outside home:** Only for essential needs/work. Individuals age 70 and older and those with compromised immune systems must stay home and limit home-visitation to immediate family members or close friends.

- **Gatherings:** Nonessential gatherings are prohibited.

- **Businesses:** Nonessential businesses limited to minimum operations or remote work. (Guidance)

- **Quarantines:** No mandatory quarantine for out-of-state travelers. Mandatory quarantines for people who have been in close contact with a Covid-19 patient.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Social distancing at state parks.

*32. North Carolina*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** 10-person limit.

- **Businesses:** Nonessential businesses are limited to minimum operations or remote work.

- **Quarantines:** No statewide directive.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** People may go to public parks and outdoor recreation areas unless locally restricted.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

CLASS ACTION COMPLAINT

Case No. 3:20-cv-4571

*33. North Dakota*

- **Travel outside home:** The governor has not issued a stay-at-home order.

- **Gatherings:** No statewide directive.

- **Businesses:** Personal-care services and recreational facilities are closed.

- **Quarantines:** Mandatory quarantine for residents returning from abroad or domestic travelers returning from a state with widespread community infection.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** State parks are open for day-use only.

*34. Ohio*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** 10-person limit.

- **Businesses:** Nonessential businesses and operations must cease all activities except minimum basic operations.

- **Quarantines:** Travelers arriving in Ohio should self-quarantine for 14 days with limited exceptions.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Wildlife areas, forests and nature preserves remain open.

*35. Oklahoma*

- **Travel outside home:** Vulnerable individuals (older residents and those with underlying medical problems) are directed to stay home except when running essential errands or commuting to critical infrastructure jobs.

- **Gatherings:** 10-person limit. No visitors at nursing homes, retirement or long-term care facilities.

- **Businesses:** Nonessential businesses must suspend services.

- **Quarantines:** Arriving travelers from the New York tri-state area, California, Louisiana and Washington should self-quarantine for 14 days with limited exceptions.

- **Bars/restaurants:** Dine-out only.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

CLASS ACTION COMPLAINT                                    Case No. 3:20-cv-4571

- **Beaches/parks:** Hiking trails, picnic tables, fishing areas and boat ramps are available for outdoor recreation.

### 36. Oregon

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** Gatherings over 25 people are canceled statewide. Oregonians are urged to avoid gatherings of 10 people.

- **Businesses:** Nonessential business closures.

- **Quarantines:** No statewide directive.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** No daytime or overnight visitors are permitted at any state park.

### 37. Pennsylvania

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** Gatherings are generally prohibited.

- **Businesses:** Non-life-sustaining businesses must close or operate remotely.

- **Quarantines:** No statewide directive.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Trails, lakes, roads and parking are limited to "passive and dispersed recreation."

### 38. Rhode Island

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** Five-person limit.

- **Businesses:** Noncritical retail businesses must cease operations.

- **Quarantines:** Mandatory two-week quarantine for out-of-state visitors.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** State beaches and parks are closed.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 21 -

Case No. 3:20-cv-4571

CLASS ACTION COMPLAINT

*39. South Carolina*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** Gatherings of three or more are prohibited if deemed a threat to public health.

- **Businesses:** Nonessential businesses are limited to minimum operations or remote work.

- **Quarantines:** No statewide directive.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Public beaches and access points to lakes, rivers and waterways are closed. Local restrictions on parks.

*40. South Dakota*

- **Travel outside home:** The governor has not issued a stay-at-home order.

- **Gatherings:** Unnecessary gatherings of 10 or more prohibited.

- **Businesses:** No statewide directive.

- **Quarantines:** No statewide directive.

- **Bars/restaurants:** No statewide directive.

- **Beaches/parks:** No statewide directive.

*41. Tennessee*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** Social gatherings of 10 or more people prohibited.

- **Businesses:** Nonessential businesses are limited to minimum operations or remote work.

- **Quarantines:** No statewide directive.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Most state parks have reopened for day-use only.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

CLASS ACTION COMPLAINT                                   Case No. 3:20-cv-4571

*42. Texas*

- **Travel outside home:** Texans must minimize in-person contact with people who are not in the same household. (A number of major counties have more explicit stay-at-home orders.) No visits to nursing homes or long-term care facilities unless providing critical assistance.

- **Gatherings:** 10-person limit.

- **Businesses:** No eating or drinking at bars and restaurants or visits to gyms, massage establishments, tattoo studios, piercing studios and cosmetology salons.

- **Quarantines:** Air travelers flying to Texas from New York, New Jersey, Connecticut, California, Louisiana or Washington—or Atlanta, Chicago, Detroit, Miami—must self-quarantine for 14 days.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Many state parks remain open. Some beaches are closed or limited to restricted activities.

*43. Utah*

- **Travel outside home:** High-risk individuals (older residents and those with serious underlying medical conditions) may leave only for essential needs/work. Others must stay home whenever possible.

- **Gatherings:** 10-person limit recommended.

- **Businesses:** Businesses must minimize face-to-face contact with high-risk employees.

- **Quarantines:** Two-week quarantine after traveling out of state or exposed to a person with Covid-19 symptoms.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** State parks open to all visitors, except parks under local health order restrictions.

*44. Vermont*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** Nonessential gatherings are limited to 10 people.

- **Businesses:** Nonessential businesses are limited to minimum operations or remote work.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 23 -

Case No. 3:20-cv-4571

CLASS ACTION COMPLAINT

- **Quarantines:** Visitors must self-quarantine for two weeks unless traveling for an essential purpose.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** RV parks and campgrounds are closed with emergency shelter exceptions

*45. Virginia*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** 10-person limit.

- **Businesses:** Recreation and entertainment businesses must close.

- **Quarantines:** No statewide directive.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Beaches are closed except for fishing and exercising. State parks are open for day-use activities. Campgrounds are closed.

*46. Washington*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** All gatherings of people for social, spiritual and recreational purposes are prohibited.

- **Businesses:** Nonessential businesses are limited to minimum operations or remote work.

- **Quarantines:** No statewide directive.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** State parks and recreational fisheries are closed.

*47. West Virginia*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** Five-person limit with some exceptions.

- **Businesses:** Nonessential businesses are limited to minimum operations or remote work.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

CLASS ACTION COMPLAINT

Case No. 3:20-cv-4571

- **Quarantines:** Two-week mandatory quarantines for people traveling into West Virginia from areas of substantial community spread of Covid-19.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Park lodges, cabins and campgrounds are closed.

*48. Wisconsin*

- **Travel outside home:** Only for essential needs/work.

- **Gatherings:** All public and private gatherings are prohibited with limited exceptions.

- **Businesses:** Nonessential businesses are limited to minimum operations or remote work.

- **Quarantines:** No mandatory quarantine for out-of-state travelers. Self-quarantine recommended for out-of-state travelers.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** Many state parks are closed.  Campgrounds are closed.

*49. Wyoming*

- **Travel outside home:** Residents urged but not required to stay home whenever possible.

- **Gatherings:** Limited to nine people.

- **Businesses:** Theaters, bars, museums, gyms, nightclubs and other public places are closed.

- **Quarantines:** People traveling to Wyoming for nonwork purposes must self-quarantine for 14 days.

- **Bars/restaurants:** Dine-out only.

- **Beaches/parks:** No statewide directive.

51.    Further, on April 10, 2020 President Trump indicated his support insurance coverage for business loss like that suffered by Plaintiffs and the proposed Class:

> REPORTER: Mr. President may I ask you about credit and debt as well. Many American individuals, families, have had to tap their credit cards during this period of time. And businesses have had to draw down their credit lines. Are you concerned Mr. President that

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 25 -

Case No. 3:20-cv-4571

CLASS ACTION COMPLAINT

that may hobble the U.S. economy, all of that debt number one? And number two, would you suggest to credit card companies to reduce their fees during this time?

PRESIDENT TRUMP: Well it's something that we've already suggested, we're talking to them. **Business interruption insurance**, I'd like to see these insurance companies—you know you have people that have paid. When I was in private I had business interruption. When my business was interrupted through a hurricane or whatever it may be, I'd have business where I had it, I did not always have it, sometimes I had it, sometimes, I had a lot of different companies. *But if I had it I'd expect to be paid*. You have people. I speak mostly to the restaurateurs, where they have a restaurant, they've been paying for 25, 30, 35 years, business interruption. They've never needed it. All of a sudden they need it. And I'm very good at reading language. I did very well in these subjects, OK. And I do not see the word pandemic mentioned. Now in some cases it is, it's an exclusion. But in a lot of cases I do not see it. I do not see it referenced. And they do not want to pay up. I would like to see the insurance companies pay if they need to pay, if it's fair. And they know what's fair, and I know what's fair, I can tell you very quickly. But business interruption insurance, that's getting a lot money to a lot of people. And they've been paying for years, sometimes they just started paying, but you have people that have never asked for business interruption insurance, and they've been paying a lot of money for a lot of years for the privilege of having it, and then when they finally need it, the insurance company says 'we're not going to give it.' We ca not let that happen.

https://youtu.be/cMeG5C9TjU (last visited on April 17, 2020) (emphasis added).

52.     The President is articulating a few core points:

    a.     Business interruption is a common type of insurance.

    b.     Businesses pay in premiums for this coverage and should reasonably expect they'll receive the benefit of the coverage.

    c.     The COVID-19 pandemic should be covered unless there is a specific exclusion for pandemics.

    d.     If insurers deny business loss coverage due to the COVID-19 pandemic, they would be acting in bad faith.

53.     The Civil Authority Orders and proclamations referenced herein, as they relate to the closure of all "non-life- sustaining businesses," evidence an awareness on the part of both state and local governments that COVID-19 causes damage to property. This is particularly true for businesses such as Plaintiffs', where customer or client interaction and personal contact results in a heightened risk of the properties becoming contaminated.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 26 -

Case No. 3:20-cv-4571

CLASS ACTION COMPLAINT

## IV.    IMPACT ON PLAINTIFFS AND THE CLASS

54.    As a result of the Civil Authority Orders referenced herein, Plaintiffs' businesses have been closed to the public.

55.    Plaintiffs' business losses occurred when the State of California Civil Authorities declared a State of Emergency on March 4, 2020. Plaintiffs suffered further when the California Civil Authorities required all businesses to cease non-essential operations on March 19, 2020. Plaintiffs B Restaurant and Bar and The Pin-Up All-Star Diner were able to reopen at 50% capacity on May 25 and May 26, respectively.

56.    Prior to March 4, 2020, Plaintiffs were opened to all restaurant customers for dine in and take out.

57.    As a consequence of the Orders, Plaintiffs could not use their properties for their intended purposes. Therefore, the novel coronavirus has caused "direct physical loss of or damage to" Plaintiffs' properties insured under the Policy.

58.    Plaintiffs' businesses are highly susceptible to rapid person-to-person transmission of the virus, and vice-versa, because the activities of the customers and the staff require them to work in close proximity to the properties.

59.    The virus is physically impacting the Insured Properties. Any effort by Defendants to deny that reality that the virus cause physical loss and damage would constitute a false and potentially fraudulent misrepresentation that could endanger Plaintiffs and the public.

60.    Plaintiffs' restaurants are highly susceptible to contamination and damage, from, among other things, the rapid person-to-person and person-to-property contamination as COVID-19 is carried into the Insured Properties from the surrounding area and other contaminated and damaged premises.

61.    Because of the nature of COVID-19 as described above, relating to its persistence in locations and the prospect of causing asymptomatic responses in some people, the risk of infection to persons is not only high, but could cause persons with asymptomatic responses to then come into contact with others who would not be so fortunate as to suffer merely an asymptomatic response, and instead suffer serious illness.

62.     The Civil Authority Orders entered by the state and local government were in the exercise of authority to protect the public and minimize the risk of spread of disease.

63.     Even with the entry of these Civil Authority Orders there remained physical impact not only in and within Plaintiffs' business properties but in and around the surrounding locations of Plaintiffs' business properties in light of COVID-19 presence not being detectable other than through microscopic means, and occurrence of illness.

64.     The entry of the Civil Authority Orders to mitigate health risks to the public by attempting to prevent COVID-19 contamination, through the closing businesses and ordering persons to stay at home resulted in a physical impact on Plaintiffs' businesses and Insured Properties.

65.     Plaintiffs specifically sought coverage for business interruption losses and extended expenses and paid premiums for such coverage and with an expectation that the Policy Plaintiffs purchased provided such coverage, with no disclosures to the contrary being made to Plaintiffs by Defendants or their agents.

66.     Plaintiffs had no choice but to comply with the Civil Authority Orders, for failure to do so would have exposed Plaintiffs and their businesses to fines and sanctions. Plaintiffs' compliance with mandates resulted in Plaintiffs suffering business losses, business interruption and extended expenses of the nature of the Policy covers and for which Plaintiffs' reasonable expectations were that coverage existed in exchange for the premiums paid.

67.     A declaratory judgment determining that the insureds are entitled to business loss coverage under the Policy is necessary to prevent Plaintiffs and Class members from being left without bargained-for insurance coverage required to ensure the survival of their restaurants due to the Civil Authorities' response to the COVID-19 pandemic. As a result of these Civil Authority Orders, Plaintiffs and Class members have incurred, and continue to incur, among other things, a substantial loss of business income and additional expenses, which losses are covered under the terms of Defendants' insurance policies.

/ / /

/ / /

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 28 -

Case No. 3:20-cv-4571

CLASS ACTION COMPLAINT

## CLASS ALLEGATIONS

68.     Plaintiffs bring this action pursuant to Federal Rules of Civil Procedure 23(b)(2) on behalf of the following Class:

> All Restaurants that have suffered business interruption and lost income as a result of Civil Authority Orders issued in response to the COVID-19 pandemic.

69.     Upon information and belief, Defendants do not cover business interruption services for all restaurants in contravention to the uniform language contained in the insurance policies it has issued to restaurants.

70.     The exact number of the Class members is unknown as such information is in exclusive control of Defendants. However, due to the nature and commerce involved, Plaintiffs believe the Class consists of hundreds of insureds nationwide, making joinder of the Class members impractical.

71.     Common questions of law and fact affect the right of each Class member. Plaintiffs are seeking Declaratory Relief for all Class members who run restaurants with similar polices to Plaintiffs. Declaratory relief will permit adjudication of the rights of all parties as to whether Defendants' policies provide coverage for business interruptions losses the Class has suffered as a result of Civil Authority Orders.

72.     Common questions of law and fact that affect the Class members include, but are not limited to:

        a.     Whether Defendants are legally obligated to pay for business interruption as a result of Civil Authority Orders issued in response to the COVID-19 pandemic;

        b.     Whether Plaintiffs and Class members have suffered "property damages" in accordance with the terms and conditions of Defendants' business interruption insurance policies;

        c.     Whether Plaintiffs and Class members are excluded from coverage for losses they suffered due to the Civil Authority Orders as a result of the Virus or Bacterial exclusions contained in Defendants' insurance policies;

        d.     Whether Defendants are justified in denying Plaintiffs and Class members' claims.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 29 -

Case No. 3:20-cv-4571

CLASS ACTION COMPLAINT

73.     The claims and defenses of Plaintiffs, as representative plaintiffs, are typical of the claims and defenses of the Class because Defendants wrongfully denied that its policy covers claims to Plaintiffs and the Class members.

74.     Plaintiffs, as representative plaintiffs, will fairly and adequately assert and protect the interests of the Class.

   a.     Plaintiffs have hired attorneys who are experienced in prosecuting class actions and will adequately represent the interests of the Class; and

   b.     Plaintiffs have no conflicts of interest that will interfere with the maintenance of a class action.

75.     A class action provides a fair and efficient method for adjudication of the controversy for the following reasons:

   a.     Prosecution of separate actions by individual Class members would create a risk of inconsistent and varying results against Defendants when confronted with incompatible standards of conduct; and

   b.     Adjudications with respect to individual Class members could, as a practical matter, be dispositive of any interest of other members not parties to such adjudications and substantially impair their ability to protect their interests.

76.     Defendants have taken steps to discourage the Class from submitting claims under their policies. Defendants have sent uniform letters to all Class members advising them that they do not have a claim under the terms of their policy. For this reason, Declaratory relief for the entire class is appropriate and necessary.

## CAUSE OF ACTION

## DECLARATORY RELIEF

77.     Plaintiffs re-allege and incorporate by reference into this cause of action each and every allegation set forth in each and every paragraph of this Complaint.

78.     The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that in "a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

/ / /

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 30 -

Case No. 3:20-cv-4571

CLASS ACTION COMPLAINT

79.     An actual controversy has arisen between Plaintiffs and Defendants as to the rights, duties, responsibilities and obligations of the parties under the terms of the Policy in that Plaintiffs contend and, on information and belief, the Defendants disputes and denies that:

a.     The Civil Authorities' Orders constitute a prohibition of access to Plaintiffs' Insured Properties;

b.     The prohibition of access by the Orders has specifically prohibited access as defined in the Policy;

c.     The Policy's Exclusion of Loss Due to Virus or Bacteria does not apply to the business losses incurred by Plaintiffs here that are proximately caused by the Civil Authority Orders issued in response to the COVID-19 pandemic;

d.     The Civil Authorities' Orders trigger coverage under the terms of the Policy;

e.     The Policy provides coverage to Plaintiffs for any current and future civil authority closures of their businesses in California due to physical loss\or damage directly or indirectly from the COVID-19 pandemic under the Civil Authority coverage parameters; and

f.     The Policy provides business income coverage in the event that the COVID-19 pandemic directly or indirectly causes a loss or damage at the insured premises or immediate area of the Insured Properties.

80.     Resolution of the duties, responsibilities and obligation of the parties is necessary as no adequate remedy at law exists and a declaration of the Court is needed to resolve the dispute and controversy.

81.     Plaintiffs seek a Declaratory Judgment to determine whether the Orders constitute a prohibition of access to Plaintiffs' Insured Properties as Civil Authority as defined in the Policy.

82.     Plaintiffs further seek a Declaratory Judgment to affirm that the Civil Authority Orders trigger coverage.

83.     Plaintiffs further seek a Declaratory Judgment to affirm that Defendants' Policies provide coverage to Plaintiffs and the Class for any current and future business personal property losses, loss of business income, and extended special business income losses as a result of Civil Authority orders affecting the operation of their restaurant business properties due to physical loss or damage caused by the COVID-19 pandemic.

/ / /

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 31 -

Case No. 3:20-cv-4571

CLASS ACTION COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs herein pray as follows:

    a.    For a declaration that the Civil Authorities Orders constitute an insured impairment on the operation of Plaintiffs' Insured business Properties.

    b.    To certify the proposed Class under Rule 23(b)(2).

    c.    To direct notice to the Class under Rules 23.

    d.    For a declaration that the Civil Authorities' Orders constitute the type of restriction on business operations that is defined in the Policy.

    e.    For a declaration that the Civil Authorities' Orders trigger coverage under the Policy.

    f.    For a declaration that the Policy provides coverage to Plaintiffs for any current, future and continued Civil Authority closures of its businesses due to physical loss or damage directly or indirectly from the COVID-19 pandemic under the Policy's Civil Authority coverage parameters.

    g.    For a declaration that the Policy provides business income coverage in the event that COVID-19 has directly or indirectly caused a loss or damage at the Plaintiffs' Insured Properties or the immediate area of the Plaintiffs' Insured Properties.

    h.    For such other relief as the Court may deem proper.

Dated: July 9, 2020                   Respectfully submitted,

                               BIRKA-WHITE LAW OFFICES

                               By:   */s/ David M. Birka-White*
                               DAVID M. BIRKA-WHITE

                               David M. Birka-White (State Bar No. 85721)
                               dbw@birka-white.com
                               **BIRKA-WHITE LAW OFFICES**
                               178 E. Prospect Avenue
                               Danville, CA 94526
                               Telephone: (925) 362-9999
                               Facsimile: (925) 362-9970

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

\- 32 -                  Case No. 3:20-cv-4571

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8

Arnold Levin, Esq. (Pa. Bar No. 02280)
Laurence Berman, Esq. (Pa. Bar No. 26965)
Frederick Longer, Esq. (Pa. Bar No. 46653)
Daniel Levin, Esq. (Pa. Bar No. 80013)
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3697
Telephone: (215) 592-1500
Facsimile: (215) 592-4663
alevin@lfsblaw.com
lberman@lfsblaw.com
flonger@lfsblaw.com
dlevin@lfsblaw.com

9
10
11
12
13
14

Richard M. Golomb, Esq. (PA Bar No: 42845)
Kenneth J. Grunfeld, Esq. (PA Bar No:  84121)
**GOLOMB & HONIK, P.C.**
1835 Market Street, Suite 2900
Philadelphia, PA 19103
Telephone: (215) 985-9177
Facsimile: (215) 985-4169
rgolomb@golombhonik.com
kgrunfeld@golombhonik.com

15
16
17
18
19

Aaron Rihn, Esq. (PA Bar No: 85752)
**ROBERT PEIRCE & ASSOCIATES**
707 Grant Street, Suite 125
Pittsburgh, PA 15219
Telephone: (412) 281-7229
Facsimile: (412) 281-4229
arihn@peircelaw.com

20
21
22
23
24
25
26

W. Daniel "Dee" Miles, III (Ala. Bar
ID:7656M75W)
Rachel N. Boyd (Ala. Bar ID: 6320342)
Paul W. Evans (AL Bar ID: 9270Z18F)
**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.**
P.O. Box 4160
Montgomery, AL 36103
Telephone: (334) 269-2343
Facsimile: (334) 954-7555
Dee.Miles@BeasleyAllen.com
Rachel.Boyd@BeasleyAllen.com
PaulEvans@BeasleyAllen.com

27
28

*Counsel for Plaintiffs and the Class*

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

Case No. 3:20-cv-4571

CLASS ACTION COMPLAINT

1

### PLAINTIFFS' DEMAND FOR JURY TRIAL

2      Plaintiffs, Boxed Foods Company, LLC and Gourmet Provisions, LLC by and through

3   their counsel, hereby demand a jury trial of all issues in the above-captioned matter.

4   DATED:  July 9, 2020                          BIRKA-WHITE LAW OFFICES

5                                                 By: _/s/ David M. Birka-White_____

6                                                    DAVID M. BIRKA-WHITE

7                                                 Attorneys for Individual and Representative
                                                  Plaintiffs BOXED FOODS COMPANY, LLC
8                                                 and GOURMET PROVISIONS, LLC, on behalf
                                                  of themselves and all others similarly situated
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28